**NOT FOR PUBLICATION**

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

WILFRED ROBINSON,                :
                                 :      Civil Action No. 12-2470 (AET)
            Plaintiff,           :
                                 :
            v.                   :      **OPINION**
                                 :
DR. LEE, DENTAL SURGEON,         :
et al.,                          :
                                 :
            Defendants.          :

**APPEARANCES:**

Plaintiff pro se
Wilfred Robinson
Northern State Prison
Newark, NJ  07114

**THOMPSON**, District Judge

    Plaintiff Wilfred Robinson, a convicted and sentenced
prisoner confined at Northern State Prison in Newark, New Jersey,
seeks to bring this action in forma pauperis pursuant to 42
U.S.C. § 1983, alleging violations of his constitutional rights.
Based on his affidavit of indigence and the absence of three
qualifying dismissals within 28 U.S.C. §1915(g), the Court will
grant Plaintiff's application to proceed in forma pauperis
pursuant to 28 U.S.C. § 1915(a) and order the Clerk of the Court
to file the Complaint.

    At this time, the Court must review the Complaint to
determine whether it should be dismissed as frivolous or

malicious, for failure to state a claim upon which relief may be granted, or because it seeks monetary relief from a defendant who is immune from such relief.

## I.   BACKGROUND

The following factual allegations are taken from Plaintiff's Complaint and are accepted as true for purposes of this review.

Plaintiff alleges that he went to the Northern State Prison medical department for a tooth extraction by Defendant Dr. Lee. Plaintiff alleges that the instrument broke and a dental bit went up into his gum.  Plaintiff alleges that Dr. Lee was unable to retrieve the bit and said that Plaintiff should be taken immediately to the University Hospital for treatment.  Plaintiff alleges that Dr. Lee then left, without ensuring that Plaintiff would get the proper follow-up treatment.  Plaintiff was returned to his cell where Plaintiff's interim requests for treatment were ignored and where the bit came out of his gums two days later while Plaintiff was sleeping.  In addition to Dr. Lee, Plaintiff names as Defendants University Hospital,[1] the Department of Corrections, and Northern State Prison.  Plaintiff seeks compensatory damages.

---

[1] It appears that Plaintiff is referring to the University of Medicine and Dentistry of New Jersey.

II.   STANDARDS FOR A SUA SPONTE DISMISSAL

This Court must dismiss, at the earliest practicable time, certain in forma pauperis and prisoner actions that are frivolous, malicious, fail to state a claim, or seek monetary relief from a defendant who is immune from such relief.  See 28 U.S.C. § 1915(e)(2) (in forma pauperis actions); 28 U.S.C. § 1915A (actions in which prisoner seeks redress from a governmental defendant); 42 U.S.C. § 1997e (prisoner actions brought with respect to prison conditions).

In determining the sufficiency of a pro se complaint, the Court must be mindful to construe it liberally in favor of the plaintiff.  Haines v. Kerner, 404 U.S. 519, 520-21 (1972); United States v. Day, 969 F.2d 39, 42 (3d Cir. 1992).  The Court must "accept as true all of the allegations in the complaint and all reasonable inferences that can be drawn therefrom, and view them in the light most favorable to the plaintiff."  Morse v. Lower Merion School Dist., 132 F.3d 902, 906 (3d Cir. 1997).

In addition, any complaint must comply with the pleading requirements of the Federal Rules of Civil Procedure.

Rule 8(a)(2) requires that a complaint contain "a short and plain statement of the claim showing that the pleader is entitled to relief."  "Specific facts are not necessary; the statement need only 'give the defendant fair notice of what the ... claim

3

is and the grounds upon which it rests.'" Erickson v. Pardus, 551

U.S. 89, 93 (2007) (citations omitted).

> While a complaint ... does not need detailed factual
> allegations, a plaintiff's obligation to provide the
> "grounds" of his "entitle[ment] to relief" requires
> more than labels and conclusions, and a formulaic
> recitation of the elements of a cause of action will
> not do, see Papasan v. Allain, 478 U.S. 265, 286, 106
> S.Ct. 2932, 92 L.Ed.2d 209 (1986) (on a motion to
> dismiss, courts "are not bound to accept as true a
> legal conclusion couched as a factual allegation").
> Factual allegations must be enough to raise a right to
> relief above the speculative level ... .

Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)

(citations omitted).

The Court of Appeals for the Third Circuit has held that the

Twombly pleading standard applies to civil rights complaints.

See Phillips v. County of Allegheny, 515 F.3d 224, 234 (3d Cir.

2008).  More recently, the Supreme Court has emphasized that,

when assessing the sufficiency of any civil complaint, a court

must distinguish factual contentions -- which allege behavior on

the part of the defendant that, if true, would satisfy one or

more elements of the claim asserted -- and "[t]hreadbare recitals

of the elements of a cause of action, supported by mere

conclusory statements."  Ashcroft v. Iqbal, 556 U.S. 662, 678

(2009).

Where a complaint can be remedied by an amendment, a

district court may not dismiss the complaint with prejudice, but

must permit the amendment.  Denton v. Hernandez, 504 U.S. 25, 34

(1992); <u>Grayson v. Mayview State Hospital</u>, 293 F.3d 103, 108 (3d

Cir. 2002) (dismissal pursuant to 28 U.S.C. § 1915(e)(2)); <u>Shane

v. Fauver</u>, 213 F.3d 113, 116-17 (3d Cir. 2000) (dismissal

pursuant to 42 U.S.C. § 1997e(c)(1)); <u>Urrutia v. Harrisburg

County Police Dept.</u>, 91 F.3d 451, 453 (3d Cir. 1996).

III.   <u>SECTION 1983 ACTIONS</u>

A plaintiff may have a cause of action under 42 U.S.C.

§ 1983 for certain violations of his constitutional rights.

Section 1983 provides in relevant part:

> Every person who, under color of any statute,
> ordinance, regulation, custom, or usage, of any State
> or Territory ... subjects, or causes to be subjected,
> any citizen of the United States or other person within
> the jurisdiction thereof to the deprivation of any
> rights, privileges, or immunities secured by the
> Constitution and laws, shall be liable to the party
> injured in an action at law, suit in equity, or other
> proper proceeding for redress ... .

Thus, to state a claim for relief under § 1983, a plaintiff must

allege, first, the violation of a right secured by the

Constitution or laws of the United States and, second, that the

alleged deprivation was committed or caused by a person[2] acting

---

[2] Neither states, nor governmental entities that are
considered arms of the state for Eleventh Amendment purposes, are
"persons" within the meaning of § 1983.  <u>Will v. Michigan Dept.
of State Police</u>, 491 U.S. 58, 64, 70-71 and n.10 (1989); <u>Grabow
v. Southern State Correctional Facility</u>, 726 F.Supp. 537, 538-39
(D.N.J. 1989) (the New Jersey Department of Corrections is not a
"person" under § 1983); <u>Fischer v. Cahill</u>, 474 F.2d 991, 992 (3d
Cir. 1973) (New Jersey Prison Medical Department is not a
"person" under § 1983).  Accordingly, all claims against the
Department of Corrections and Northern State Prison will be
dismissed with prejudice.

under color of state law.  West v. Atkins, 487 U.S. 42, 48 (1988); Piecknick v. Pennsylvania, 36 F.3d 1250, 1255-56 (3d Cir. 1994).

IV.   ANALYSIS

A.   Eleventh Amendment Immunity

Title 28 Sections 1915(e)(2)(B)(iii) and 1915A(b)(2) require this Court to dismiss this action if it "seeks monetary relief from a defendant who is immune from such relief."

The Eleventh Amendment to the United States Constitution provides that, "The Judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by citizens of another State, or by Citizens or Subjects of any Foreign State."

As a general proposition, a suit by private parties seeking to impose a liability which must be paid from public funds in a state treasury is barred from federal court by the Eleventh Amendment, unless Eleventh Amendment immunity is waived by the state itself or by federal statute.  See, e.g., Edelman v. Jordan, 415 U.S. 651, 663 (1974).  The Eleventh Amendment protects states and their agencies and departments from suit in federal court regardless of the type of relief sought.  Pennhurst State School and Hospital v. Halderman, 465 U.S. 89, 100 (1984). Section 1983 does not override a state's Eleventh Amendment immunity.  Quern v. Jordan, 440 U.S. 332 (1979).

Accordingly, to the extent not otherwise dismissible, all claims against the New Jersey Department of Corrections will be dismissed in accordance with the Eleventh Amendment.[3]

B.    The Eighth Amendment Medical-Care Claim

The Eighth Amendment to the United States Constitution, applicable to the individual states through the Fourteenth Amendment, prohibits the states from inflicting "cruel and unusual punishments" on those convicted of crimes. Rhodes v. Chapman, 452 U.S. 337, 344-46 (1981). This proscription against cruel and unusual punishment requires that prison officials provide inmates with adequate medical care. Estelle v. Gamble, 429 U.S. 97, 103-04 (1976). In order to set forth a cognizable claim for a violation of his right to adequate medical care, an inmate must allege: (1) a serious medical need; and (2) behavior on the part of prison officials that constitutes deliberate indifference to that need. Id. at 106.

To satisfy the first prong of the Estelle inquiry, the inmate must demonstrate that his medical needs are serious. "Because society does not expect that prisoners will have unqualified access to health care, deliberate indifference to medical needs amounts to an Eighth Amendment violation only if

---

[3] University Hospital, however, is not the alter ego of the state for Eleventh Amendment purposes. See Fuchilla v. Layman, 109 N.J. 319 (N.J. 1988); Smith v. Hayman, 2012 WL 3024429, *1 n.4 (3d Cir. July 25, 2012); Fitchik v. New Jersey Transit Rail Oeprations, Inc., 873 F.2d 655 (3d Cir. 1989).

those needs are 'serious.'" Hudson v. McMillian, 503 U.S. 1, 9 (1992). Serious medical needs include those that have been diagnosed by a physician as requiring treatment or that are so obvious that a lay person would recognize the necessity for doctor's attention, and those conditions which, if untreated, would result in lifelong handicap or permanent loss. Monmouth County Correctional Institutional Inmates v. Lanzaro, 834 F.2d 326, 347 (3d Cir. 1987), cert. denied, 486 U.S. 1006 (1988).

The second element of the Estelle test requires an inmate to show that prison officials acted with deliberate indifference to his serious medical need. "Deliberate indifference" is more than mere malpractice or negligence; it is a state of mind equivalent to reckless disregard of a known risk of harm. Farmer v. Brennan, 511 U.S. 825, 837-38 (1994). Furthermore, a prisoner's subjective dissatisfaction with his medical care does not in itself indicate deliberate indifference. Andrews v. Camden County, 95 F.Supp.2d 217, 228 (D.N.J. 2000); Peterson v. Davis, 551 F.Supp. 137, 145 (D. Md. 1982), aff'd, 729 F.2d 1453 (4th Cir. 1984). Similarly, "mere disagreements over medical judgment do not state Eighth Amendment claims." White v. Napoleon, 897 F.2d 103, 110 (3d Cir. 1990).

"Where prison authorities deny reasonable requests for medical treatment, however, and such denial exposes the inmate 'to undue suffering or the threat of tangible residual injury,'

deliberate indifference is manifest.  Similarly, where 'knowledge

of the need for medical care [is accompanied by the] ...

intentional refusal to provide that care,' the deliberate

indifference standard has been met.  ...  Finally, deliberate

indifference is demonstrated '[w]hen ... prison authorities

prevent an inmate from receiving recommended treatment for

serious medical needs or deny access to a physician capable of

evaluating the need for such treatment."  Monmouth County Corr.

Inst. Inmates v. Lanzaro, 834 F.2d at 346 (citations omitted).

"Short of absolute denial, 'if necessary medical treatment [i]s

... delayed for non-medical reasons, a case of deliberate

indifference has been made out."  Id. (citations omitted).

      Here, Plaintiff's allegations that Dr. Lee knew that the

instrument had broken off in Plaintiff's gums, expressed the

professional opinion that Plaintiff required emergency follow-up

treatment in a hospital, but left without ensuring that Plaintiff

received appropriate follow-up treatment is sufficient to state a

claim for deliberate indifference to a serious medical need

against Dr. Lee.

      Plaintiff has failed to allege any facts, however, to state

a claim against University Hospital.  It is not clear whether he

intends to base liability upon University Hospital's status as a

contractor with the Department of Corrections or as Dr. Lee's

employer, but § 1983 does not allow for vicarious liability.  "A

defendant in a civil rights action must have personal involvement in the alleged wrongs, liability cannot be predicated solely on the operation of <u>respondeat</u> <u>superior</u>.  Personal involvement can be shown through allegations of personal direction or of actual knowledge and acquiescence." <u>Rode v. Dellarciprete</u>, 845 F.2d 1195, 1207 (3d Cir. 1988) (citations omitted).  <u>Accord</u> <u>Robinson v. City of Pittsburgh</u>, 120 F.3d 1286, 1293-96 (3d Cir. 1997); <u>Baker v. Monroe Twp.</u>, 50 F.3d 1186, 1190-91 (3d Cir. 1995). Plaintiff does not allege that Dr. Lee's conduct resulted from any policy or practice of University Hospital.  Accordingly, the claim against University Hospital will be dismissed without prejudice for failure to state a claim.  <u>See</u> <u>Overton v. Shrager</u>, 2011 WL 29037363, *6 (D.N.J. July 19, 2011).

## V.   CONCLUSION

For the reasons set forth above, Plaintiff's Eighth Amendment medical-care claim may proceed as against Dr. Lee. Plaintiff's claims will be dismissed as against all other defendants.  An appropriate order follows.


/s/ *Anne E. Thompson*
Anne E. Thompson
United States District Judge

Dated: October 9, 2012